ORIN HART v. THE BOARD OF SUPERVISORS OF GENESEE
COUNTY.

*Counties—Expense of fish chutes.*

The reasonable expense incurred by the owner of a dam in constructing a fish chute or ladder, as provided by 3 How. Stat.
§ 2155, must be borne by the county in which the dam is
situated.

*Certiorari* to Genesee. (Wisner, J.)   Argued April 16,
1895.   Decided April 30, 1895.

Relator applied to the circuit court for *mandamus* to
compel respondent to audit his account for building a
fish chute in his dam.   Respondent brings *certiorari* to
review order granting the writ.   Affirmed.   The facts
are stated in the opinion.

*Durand & Carton,* for relator.

*George F. Brown,* for respondent.

HOOKER, J.   Relator was the owner of a dam at Flushing, upon the Flint river.   Upon the petition of a requisite number of resident tax-payers and freeholders, the
respondent, at its October session, 1893, adopted the following resolution:

"*Whereas,* the dams in the Flint river known as the
Flushing dam, the F. R. Lewis dams in Flint township
and the Fourth ward, and the Hamilton dam, of this city,
were swept away by the flood last April, and the owners
of said dams having been duly and legally notified to put
in fish chutes in said dams when the same were being
built:

"*Therefore, be it resolved,* that the prayer of the peti-

tioners be granted, and the prosecuting attorney be instructed to enforce the law regulating the construction and maintenance of fish chutes in streams in the State of Michigan."

In 1894 the relator filed his claim for $263.63 for material and labor in constructing a fish chute in said dam, and, the same being disallowed, he filed his petition in the circuit court, praying a *mandamus* against respondent to compel payment, and, upon its being ordered, the proceeding was brought to this Court by *certiorari*. Respondent's answer admits the petition by fourteen freeholders and the order that the chute be constructed, that said chute was built by the relator, and that respondent refused to allow his claim therefor. It states that the spring freshet of 1893 carried off the dam, and that, while the dam was out, and before the relator commenced to rebuild it, notice was served upon him by the prosecuting attorney and the supervisor of Flushing that when he rebuilt the dam he must place a fish chute therein, but that he rebuilt the dam without the chute, and that in June, 1894, he was arrested for obstructing the river by a dam without building a chute, and taken before a justice, by whom he was discharged, upon his agreeing to pay the costs and build the chute. After building the chute, relator filed this claim.

3 How. Stat. § 2155, provides:

"The supervisor of each township is hereby made inspector of dams in his township during his term of office, and it shall be his duty, upon the application of 12 freeholders in his township, to lay their application before the board of supervisors at their next regular meeting, and, upon the approval of said board, he shall cause to be constructed by the owner of said dam a fish chute or ladder, as provided by the terms of this act, the expense thereof to be audited and allowed by said board of supervisors, and paid out of the general or contingent fund of said county. It shall be the duty of the supervisor to prosecute, in the name of the people, with the aid of the prosecuting attorney of his county, in all cases where this law is not complied with. The supervisor shall be

paid out of the contingent fund of the county the sum of $2 for every day actually spent in the inspection of dams in his township, or while actually employed or engaged in the prosecution of any suit under this act, to be allowed and paid by the board of supervisors."

It is argued on behalf of the respondent that this section does not impose upon the public the burden of paying the expense of building the chute, but only the compensation of the inspector of dams; but we think the statute clearly indicates that the board should audit and allow the reasonable expense of building the chute.

The order of the circuit judge must be affirmed, with costs.

The other Justices concurred.